## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE F. ARROYO, #M53474,              )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )      Case No. 19-cv-00027-NJR
                                      )
SHEYLA CLARK and JULIA TANNER,        )
                                      )
            Defendants.               )

### RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

NOW COME the Defendants, SHEYLA CLARK and JULIA TANNER, by and through their attorney, KWAME RAOUL, Attorney General for the State of Illinois, and for their Response to Plaintiff's Motion for Preliminary Injunction [d/e 15], state as follows:

### INTRODUCTION

Plaintiff commenced this action on January 7, 2019, alleging violations of his constitutional rights and the Illinois Trust Act. [d/e 1]. The Court denied Plaintiff's Motion for a Temporary Restraining Order on January 9, 2019. [d/e 6]. The Court entered a Memorandum and Order on June 4, 2019, delineating the count that will proceed in this matter and ordering Plaintiff to file a brief in support of his Motion for Preliminary Injunction by June 8, 2019. [d/e 9]. Per the Order, a docket entry for Plaintiff's Motion for Preliminary Injunction was entered on June 5, 2019. [d/e 10]. On July 3, 2019, Plaintiff filed a Brief in Support of a Preliminary Injunction. [d/e 15].

Through his Motion, Plaintiff seeks: (1) an order enjoining Defendants, and their agents, from threatening or harming Plaintiff and "any of [his] witnesses in an upcoming trial; (2) an order prohibiting Defendants from directly or indirectly notifying immigration agencies about the immigration status of inmates; (3) an order prohibiting transfer of individuals from one facility to another facility to be "picked up" by immigration officials; (5) an order requiring Defendants to remove an immigration warrant from Plaintiff's master file; and (6) an order requiring Defendants

pay any and all of Plaintiff's costs in this suit. [d/e 15]. Plaintiff is not entitled to a preliminary injunction against Defendants because the Motion is premature and he has not demonstrated he is likely to succeed on the merits. Furthermore, Plaintiff is not in danger of immediate harm, and he has not demonstrated the alleged threat of harm to him outweighs the harm to Defendants.

**ARGUMENT**

## I.   PLAINTIFF FAILS TO MEET HIS BURDEN FOR A PRELIMINARY INJUNCTION.

The purpose of a preliminary injunction is to minimize the hardship to the parties and to preserve the status quo pending a more considered decision on the merits when possible. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988); *LektroVend Corp. v. Vendo Co*., 660 F.2d 255, 264 (7th Cir. 1981). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

A plaintiff seeking a preliminary injunction must demonstrate each of the following elements: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not harm the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc*., 549 F.3d 1079, 1086 (7th Cir. 2008). Plaintiff must satisfy each element to prevail. *Somerset House*, 900 F.2d at 1015.

Mandatory preliminary injunctions, which require the defendant to take some affirmative action, represent an even more extraordinary remedy than those seeking to maintain the status quo by preventing a party from undertaking action. *Harlem Algonquin LLC v. Canadian Funding Corp*., 742 F.Supp.2d 957, 962 (N.D. Ill. 2010). They are "cautiously viewed and sparingly

issued," such that only "the clearest equitable grounds" will justify the remedy. *Id*. (citing *Graham v. Medical Mut. Of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)).

The Court's power to grant preliminary injunctive relief is further limited by Section 3626(a)(2) of the Prison Litigation Reform Act (PLRA) (18 U.S.C. § 3626(a)(2); *Westefer v. Snyder*, 689 F.3d 679, 683 (7th Cir. 2012). That Section of the PLRA provides as following:

> (2) Preliminary injunctive relief. – In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

### a. Plaintiff's Motion for a Preliminary Injunction is premature, and Plaintiff has not demonstrated a reasonable likelihood of success on the merits.

Plaintiff is not likely to succeed on the merits in obtaining the relief he now seeks preliminarily.  To establish likelihood of success on the merits, a plaintiff must demonstrate "some prospect of prevailing" on the merits of his claim.  *Hoosier Energy Rural Electric Cooperative, Inc. v. John Hancock Life Insurance Co*., 582 F.3d 721, 730 (7th Cir. 2009).  Prevailing on the claim means succeeding in achieving permanently that which the plaintiff requests preliminarily. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891 (7th Cir. 2001).

Plaintiff has not established a likelihood of success on the merits in this matter. Plaintiff argues Defendants are violating his Due Process rights and the Illinois Trust Act by keeping an immigration warrant in his master file at Shawnee Correctional Center. [d/e 1]. In his Complaint, Plaintiff solely seeks relief in the form of an injunction, ordering a declaration that his rights were

violated; a directive to all Defendants that they not interfere with Plaintiff or his witnesses at an upcoming trial; an order that Defendants no longer directly or indirectly notify immigration officials regarding inmates' immigration status; and an order that Defendants should not transfer individuals to another facility to be picked up by immigration officials. [d/e 1, p. 18]. Through the preliminary injunction, Plaintiff largely seeks the same remedies. Additionally, it appears Plaintiff is attempting to have individuals who were dismissed from the Complaint added as parties. [*See* d/e 15].

In the Threshold Order, the Court notes Plaintiff is seeking broad injunctive relief. [d/e 9, p. 5]. Plaintiff is largely seeking injunctive relief on behalf of not only himself but rather any applicable inmate who may or may not be subject to immigration proceedings. [d/e 15]. As Plaintiff's requested relief is so broad, it runs afoul of the PLRA's requirement that injunctive relief be "narrowly drawn." 18 U.S.C. § 3626(a)(2). Furthermore, Plaintiff alleges no facts to establish he has been threatened by Defendants or any IDOC official in relation to his upcoming trial, that Defendants notified immigration officials of his status, or that he is being transferred to facilitate a pick up by immigration officials.

Additionally, Plaintiff has not demonstrated a prospect of prevailing on the merits of his claim. In the Threshold Order, the Court noted "Plaintiff's assertions and the lack of guiding precedent make it difficult to discern if he has stated a valid claim." [d/e 9, p. 7]. While Plaintiff pled enough to satisfy the liberal pleading standards to survive a threshold review, he has not demonstrated a reasonable likelihood of success on the merits. Plaintiff also cites no factual allegations within his complaint or brief in support of his Motion that demonstrate he would be entitled to preliminary injunctive relief. [*See* d/e 1, 9].

Lastly, Plaintiff's brief in support of his Motion for Preliminary Injunction in large part reads the same and relies on the same case citations and conclusory statements as his Complaint. [See d/e 1, 15]. In the Threshold Order, the Court noted Plaintiff requested a preliminary injunction

but did not set forth the reasons he was entitled to such relief. [d/e 15, p. 10]. As Plaintiff has not provided any new allegations or facts, Plaintiff's Motion should be dismissed.

Due to the "multitude of uncertainties" related to whether or not Plaintiff has even stated a valid claim, granting a preliminary injunction would be premature at this time. [d/e 9, p. 7]. Therefore, Plaintiff's Motion for Preliminary Injunction should be denied.

### b. Plaintiff has not demonstrated the existence of irreparable harm if a preliminary injunction is not issued.

Plaintiff has not demonstrated the existence of irreparable harm if a preliminary injunction is not issued. To win a preliminary injunction, a party must first show that he is currently suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted. *Christian Legal Soc'y v. Walker*, 453 F.3d 853 (7th Cir. 2006); *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 795 (7th Cir. 2008). It is clear that this type of extraordinary relief should only be granted on a showing of current, irreparable harm and not simply on the possibility of some remove future injury. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

Here, Plaintiff does not allege a single fact related to the harm he may face without a preliminary injunction. Plaintiff's requested relief relates to a speculative and hypothetical theory of immigration proceedings that may or may not arise upon his potential release from the Illinois Department of Corrections in 2033. [d/e 9, 15].

Plaintiff's Motion neither specifies who is threatening Plaintiff nor offers any details regarding the threats of deportation or communication with immigration officials. There is no indication in the Motion that Plaintiff will be subjected to any additional similar threats in the near future. If, at some point in the distant future, Plaintiff becomes subject to immigration proceedings while incarcerated, he may petition for an injunction at that point in time. However, Plaintiff presently relies on mere speculation that at some point in the distant future, he may or may not be

subject to such proceedings. Therefore, Plaintiff has not demonstrated the existence of irreparable harm, and his Motion for Preliminary Injunction should be denied.

### c. The balance of equities does not favor Plaintiff because a preliminary injunction would amount to final relief.

Plaintiff's request for a preliminary injunction is not appropriate because the balance of equities favors Defendants. Preliminary injunctive relief is not appropriate in instances where it would give a plaintiff "the actual advantage which would be obtained in a final decree." *Harlem Algonquin LLC,* 742 F.Supp.2d at 962. (quoting *W.A. Mack, Inc. v. General Motors Corp*., 260 F.2d 886, 890 (7th Cir. 1958)). The District Court for the Northern District of Illinois noted this analysis applies to balance of equities because granting final relief would "completely undercut the protections due a defendant." *Harlem Algonquin LLC*, 742 F.Supp.2d at 962. While it may be understandable to preserve the status quo, it disrupts the status quo when a court forces "the parties to make significant alterations in their practices" before a trial on the merits." *Id.* (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1015 (10th Cir. 2004)).

Plaintiff admits the immigration warrant has been part of his file since 2015, and neither alleges he has been threatened nor notified he is being removed for immigration proceedings at any point. Therefore, the alleged harm Plaintiff faces is minimal. Defendants, on the other hand, would be largely prejudiced by the entry of such preliminary injunction by having to take affirmative actions that change the status quo before the case proceeds on the merits. Plaintiff seeks (1) an order enjoining Defendants, and their agents, from threatening or harming Plaintiff and "any of [his] witnesses in an upcoming trial; (2) an order prohibiting Defendants from directly or indirectly notifying immigration agencies about the immigration status of inmates; (3) an order prohibiting transfer of individuals from one facility to another facility to be "picked up" by immigration officials; (5) an order requiring Defendants to remove an immigration warrant from

Plaintiff's master file. The requests are broad and sweeping in nature, which not only would be in contradiction of the PLRA, but unfeasible for the two named Defendants to enforce.

Through his request for a preliminary injunction, Plaintiff is in fact seeking the final relief sought through his complaint – namely, the removal of immigration document(s) from his master file. Therefore, Plaintiff is not attempting to maintain the status quo pending an ultimate ruling on the merits but rather seeks to obtain final relief preliminarily by compelling Defendants to take affirmative action, changing the position of the parties. At this stage, the granting of such injunction would be premature as there is not enough information in the record to show that Plaintiff is entitled to the relief that he seeks as a preliminary matter. Furthermore, an entry of a preliminary injunction would seem to be a ruling of the Court on the merits of the case, which would be improper at this stage of litigation. As a result, Plaintiff's Motion for Preliminary Injunction should be dismissed.

## CONCLUSION

Plaintiff cannot demonstrate he is entitled to the extraordinary relief of a preliminary injunction at this stage of the proceedings. For the above and foregoing reasons, Plaintiff's Motion for Preliminary Injunction should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny

Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

SHEYLA CLARK and JULIA TANNER,

Defendants,

Kyrstin B. Beasley #6323618                KWAME RAOUL, Illinois Attorney General,
Assistant Attorney General
Metro East Office                          Attorney for Defendants,
201 West Pointe Drive, Suite 7
Belleville, Illinois  62226            By:   s/Kyrstin B. Beasley
(618) 236-8781 Phone                         Kyrstin B. Beasley
(618) 236-8620 Fax                           Assistant Attorney General
E-mail: KBeasley@atg.state.il.us
        gls@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JOSE F. ARROYO, #M53474, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00027-NJR |
| | ) |
| SHEYLA CLARK and JULIA TANNER, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2019, the foregoing document, ***Response to Plaintiff's Motion for Preliminary Injunction***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant(s):

Jose F. Arroyo, #M53474
Shawnee Correctional Center
Inmate Mail/Parcels
6665 Route 146 East
Vienna, IL 62995

Respectfully Submitted,

By:    s/Kyrstin B. Beasley
Kyrstin B. Beasley #6323618
Assistant Attorney General
Metro East Office
201 West Pointe Drive, Suite 7
Belleville, Illinois  62226
(618) 236-8781 Phone
(618) 236-8620 Fax
E-mail: KBeasley@atg.state.il.us
gls@atg.state.il.us