## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE F. ARROYO, #M53474, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>SHEYLA CLARK and JULIA TANNER, )<br>)<br>　　　　Defendants. ) | Case No. 19-cv-00027-NJR |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME the Defendants, SHEYLA CLARK and JULIA TANNER, by and through their attorney, KWAME RAOUL, Attorney General for the State of Illinois, for their Motion to Dismiss Plaintiff's Complaint [d/e 1] pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

### INTRODUCTION

Plaintiff, an inmate with the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed this cause of action on January 7, 2019, pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights. [d/e 1]. Through his Complaint, Plaintiff seeks a permanent injunction ordering Defendants to remove immigration documents from his inmate Masterfile from his time incarcerated at Menard Correctional Center ("Menard"). [d/e 1].

After this Court conducted a Merit Review pursuant to 28 U.S.C. § 1915A, Plaintiff's claim moved forward as one count alleging Defendants violated Plaintiff's Due Process rights and the Illinois Trust Act by placing or maintaining an I-200 immigration warrant within Plaintiff's Masterfile. [d/e 9]. In the Merit Review, the Court noted a "multitude of uncertainties surrounding Plaintiff's potential claim," and noted at the time, there were "too many uncertain variables." [d/e 9, p. 8].

Plaintiff's remaining claim, and therefore his Complaint, should be dismissed for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

In place of a responsive pleading, a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).

## ARGUMENT

I. **Plaintiff's Complaint should be dismissed because he fails to state a claim upon which relief may be granted.**

   a. **Plaintiff's Complaint should be dismissed because there is not an existing claim or controversy, and the case is not ripe for judicial review.**

A bedrock principle of our Constitution is a court may only rule on existing cases or controversies under Article III. The case-or-controversy requirement exists through all stages of federal judicial proceedings. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). Throughout the litigation, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* at 477. The ripeness doctrine stems in part from this principle. The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-149 (1967) (abrogated by *Califano v. Sanders*, 430 U.S. 99 (1977), on different grounds). In the *Abbott Laboratories* case, the court looked to a two part analysis. Courts should analyze and balance the

"fitness of the issues for judicial decision" against the "hardship on the parties of withholding court consideration." *Id*. at 149.

The Illinois Trust Act does not under any circumstance prevent a prison from sending and/or receiving communication from a Federal immigration agency regarding an individual's citizenship or immigration status. 5 ILCS 805/5. Here, Plaintiff alleges Defendants denied his request to remove a document, which communicates information regarding Plaintiff's immigration status from a Federal agency, from his Masterfile. [d/e 1]. Defendants are not prohibited from communicating with a Federal Agency in this regard. Therefore, as they are not prohibited from such communication, Defendants cannot be said to have caused harm to Plaintiff or violated Plaintiff's rights by their alleged inaction in terms of removing evidence of the communication.

There must be a concrete injury plaintiff may point to in seeking redress. *Abbott Laboratories*, 387 U.S. at 148-149. Here, Plaintiff has indicated nothing more than discontent with the immigration document in his Masterfile and his alleged belief it is kept in his file due to a future intent to enforce the immigration detainer. [d/e 1]. He has not pled a single fact demonstrating Defendants' intent or desire to transfer or detain Plaintiff pursuant to the challenged document. He simply asserts the conclusory allegation that "they" intend to comply with the I-200 immigration warrant. [d/e 1]. Determining whether Defendants will in fact comply with the warrant in 2033 upon Plaintiff's projected release, takes the parties fourteen years into the future within a rapidly changing legislative landscape and into the arena of pure speculation and conjecture. *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974). As this Court noted, the legislative landscape surrounding immigration may be completely different upon Plaintiff's projected release in 2033. [d/e 9, p. 9].

As a result, the balancing test enumerated in *Abbott Laboratories* favors dismissing the case until Plaintiff's claim(s) have ripened. First, one must address the "fitness of the issues for

judicial decision." *Abbott Laboratories*, 387 U.S. at 149. Through the separation of powers, immigration policy has largely fallen within the realm of the executive and legislative branches. As delineated above, immigration legislation is a rapidly changing landscape, and Plaintiff's claim will not potentially come about or cause a concrete injury for another fourteen years upon his release, if at all. At this time, any judicial decision on this would amount to an advisory opinion. Furthermore, it would require the court to make a decision based on a speculative harm based on legislation, which may in fact no longer be in place, or may be clearer at the time of Plaintiff's release.

Next is the analysis of the "hardship on the parties of withholding court consideration." *Abbott Laboratories*, 387 U.S. at 149. Here, Plaintiff does not yet in fact have a concrete injury. He seeks the removal of an immigration document from his inmate Masterfile, which, as discussed *supra*, does not cause any harm or violate any of Plaintiff's rights. [d/e 1]. Plaintiff is not scheduled to be released until 2033, and if, at that time, the Illinois Trust Act is still in place, and anyone from IDOC does in fact seek to enforce the immigration warrant, Plaintiff may re-file his claim. Therefore, the balancing test favors dismissing the case to avoid problems of contingency or speculation.

As Plaintiff's claim has not yet ripened and there is no concrete injury, litigating Plaintiff's potential future claim(s) at this time would be premature. Therefore, Plaintiff's claim should be dismissed, as he does not presently have standing.

## **CONCLUSION**

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and for any such other and further relief as this Court deems just and proper.

Respectfully submitted,

SHEYLA CLARK and JULIA TANNER,

Defendants,

| | |
|---|---|
| Kyrstin B. Beasley #6323618 | KWAME RAOUL, Illinois Attorney General, |
| Assistant Attorney General | |
| Metro East Office | Attorney for Defendants, |
| 201 West Pointe Drive, Suite 7 | |
| Belleville, Illinois 62226 | By:   s/Kyrstin B. Beasley |
| (618) 236-8781 Phone | Kyrstin B. Beasley |
| (618) 236-8620 Fax | Assistant Attorney General |
| E-mail: KBeasley@atg.state.il.us | |
|          gls@atg.state.il.us | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JOSE F. ARROYO, #M53474, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-00027-NJR |
| SHEYLA CLARK and JULIA TANNER, | ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2019, the foregoing document, ***Motion to Dismiss***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant(s):

Jose F. Arroyo, #M53474
Shawnee Correctional Center
Inmate Mail/Parcels
6665 Route 146 East
Vienna, IL 62995

Respectfully Submitted,

By:   s/Kyrstin B. Beasley
Kyrstin B. Beasley #6323618
Assistant Attorney General
Metro East Office
201 West Pointe Drive, Suite 7
Belleville, Illinois  62226
(618) 236-8781 Phone
(618) 236-8620 Fax
E-mail: KBeasley@atg.state.il.us
gls@atg.state.il.us