IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE F. ARROYO,

   Plaintiff,

v.             Case No. 19-cv-27-NJR

SHEYLA CLARK and JULIA TANNER,

   Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  This matter is before the Court on Defendants' motion to dismiss (Doc. 17). Although Plaintiff Arroyo has not filed a response to the motion, he has filed a motion for summary judgment (Doc. 18), which also addresses the arguments raised in Defendants' motion.

## BACKGROUND

  On January 7, 2019, Arroyo, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed his Complaint alleging violations of his due process rights under the Fourteenth Amendment and the Illinois Trust Act. Arroyo challenges the placement of an I-200 immigration detainer warrant that is currently in his inmate file. He alleges that the detainer should not be in his file because the Department of Homeland Security does not have the document on file in its database, and because the Illinois Trust Act, 5 ILCS §805/1, *et seq.*, prevents the enforcement of the I-200 detainer (Doc. 1, pp. 12-23). Arroyo submitted numerous grievances and requests to have the detainer removed from his file, arguing that it violates the Illinois Trust Act, but Defendant Clark, a counselor who reviewed his grievance, and Defendant Tanner, the records office supervisor, have refused to remove the document. Arroyo also sought a

preliminary injunction directing Defendants to no longer notify immigration agencies about the immigration status of inmates, to no longer transfer individuals from one facility to another to be picked up by immigration officials, and to remove any immigration documents from his master file (Doc. 9, p. 10; Doc. 15).

### MOTION TO DISMISS STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

### ANALYSIS

In initially reviewing the case pursuant to 28 U.S.C. §1915A, the Court noted that there were many uncertainties in Arroyo's claim under the Fourteenth Amendment, because it was not clear whether the Illinois Trust Act created a liberty interest in the placement of an

immigration document in his file. The Court indicated that further information was needed to determine if Arroyo stated a claim. Although the state can create a liberty interest, those "interests will be generally limited to freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Illinois Trust Act prohibits a prison from "detain[ing] or continu[ing] to detain any individual solely on the basis of any immigration detainer or non-judicial immigration warrant or otherwise complying with an immigration detainer or non-judicial immigration warrant." 5 ILCS § 805/15(a). The I-200 form constitutes a non-judicial warrant. 5 ILCS § 805/10. But the Act allows the prison to send or receive correspondence from a federal immigration agency regarding the citizenship or immigration status of an individual. 5 ILCS §805/5. While Arroyo may have a state created liberty interest in being held past his release date, the facts in his Complaint do not demonstrate that he has a state created liberty interest in the simple placement of the document in his file. In fact, as Defendants point out, the Act specifically allows for such placement. Thus, to the extent Arroyo alleges that the simple placement and refusal to remove the document from his master file violates his due process rights or the Illinois Trust Act, that claim is dismissed with prejudice.

Under the Act, Arroyo could only possibly have a liberty interest in being held past his release date based on the I-200 detainer. To the extent that he is raising such a claim,[1] Arroyo has not pled any facts suggesting that he suffers a current injury, and thus making that claim ripe. Article III, Section 2 of the Constitution limits the "judicial power" to the

---

[1] The Court found that Arroyo stated a claim against Clark and Tanner, in their individual capacities, for refusing to remove the document from his master file.

resolution of "cases" and "controversies." *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007) (citations and quotations omitted). A case or controversy requires both that a claim be ripe and brought by an individual with standing. *Id.* To determine whether an action is ripe for judicial review requires the court to evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court considerations." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967)). Claims are not fit for adjudication if premised upon "contingent events that may not occur as anticipated, or not occur at all." *Wis. Right to Life State PAC v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011). Claims presenting purely legal issues are usually ripe for review. *Id.*

Defendants argue that Arroyo's claim is not ripe because it is not clear at this time whether Defendants intend to violate the Act and hold him past his release date in order to comply with the I-200 detainer. Arroyo's release date is not until 2033, and Arroyo has not alleged anything beyond his own speculations that Defendants, or anyone at IDOC, intend to violate the Act by enforcing the detainer upon his release (Doc. 1, p. 14 and 16). The Court agrees and specifically noted in its initial review of the merits that any injury was most likely speculative because he has not been released, and the I-200 form is simply sitting in his file and not currently being enforced (Doc. 9, p. 8). Arroyo has not challenged the I-200 detainer itself or the Agency that issued it. *See Moreno v. Napolitano*, Case No. 11 C 5452, 2012 WL 5995820, at *4-5 (N.D. Ill. 2012). Instead, Arroyo sues the IDOC officials who refuse to remove the detainer from his file and who might implement the detainer upon his release in 2033, in violation of the Illinois Trust Act. Arroyo's concerns about how IDOC will handle his future release are not ripe for this Court's review because the issues "involve[] uncertain or contingent events that may not occur as anticipated, or not occur at all." *Wis. Right to Life State*

*PAC*, 664 F.3d at 148. The Court cannot assume at this time that these Defendants, a counselor and records officer supervisor, or any other IDOC official will hold Arroyo past his release date based on the I-200 detainer or will violate the Illinois Trust Act at some future time. Such a claim is premature. *See Murphy v. Madigan*, Case No. 16 C 11471, 2017 WL 3581175 (N.D. Ill. Aug. 18, 2017) ("Other courts have similarly dismissed claims as premature when a prisoner challenges post-release conditions while still in physical custody") (citing cases). Accordingly, Plaintiff's claims are **DISMISSED without prejudice** because they are not ripe.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss (Doc. 17) and **DISMISSES** Arroyo's Complaint. The Court **DENIES as moot** Arroyo's motion for preliminary injunction (Doc. 10) and his partial motion for summary judgment (Doc. 18). The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** February 25, 2020

                                **NANCY J. ROSENSTENGEL**
                                **Chief U.S. District Judge**